Paul ABBOTT, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security Administration, Defendant–Appellee.

No. 05–35889.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed May 29, 2007.

Charles W. Talbot, Esq., Talbot & Associates, PS, Tacoma, WA, for Plaintiff–Appellant.

David J. Burdett, Esq., SSA–Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Paul Abbott ("Abbott") appeals the district court's judgment affirming the Commissioner of Social Security's denial of social security disability benefits. We reverse and remand for an award of benefits.

The Administrative Law Judge ("ALJ") determined that Abbott was not disabled by discrediting the opinions of Abbott's treating physician and an examining physician who had assessed Abbott's ability to work, and by dismissing Abbott's own testimony establishing the non-exertional limitations caused by his pain. We hold that both decisions were erroneous.

■ Both Abbott's treating physician, Dr. Bateman, and the examining physician hired by the Social Security Administration, Dr. Deem, assessed Abbott as incapable of performing any level of work more than half time. The reasons given by ALJ for discrediting the physicians' opinions were not "specific, legitimate reasons" that were "based on substantial evidence in the record." *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995). The record contradicts the ALJ's statements that Dr. Bateman's reports were inconsistent, that his opinion was not based on "objective medical evidence" and that "the evidence and assessments of other medical sources" were inconsistent with his opinion. *Cf.*

*Magallanes v. Bowen*, 881 F.2d 747, 751–52 (9th Cir.1989) (upholding rejection of treating physician's opinion when four other physicians assessed that claimant could perform work and claimant's own testimony contradicted the treating physician).

■ Second, the ALJ did not give "clear and convincing reasons" to dismiss Abbott's testimony. *See Morgan v. Comm'r of Soc. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). Contrary to the ALJ's statement, medical evidence supported Abbott's claim that the fatigue resulting from his sleep apnea was not resolved. Moreover, to the extent that the ALJ relied on them, Abbott's daily activities do not meet either standard for an adverse credibility finding. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) (emphasizing that "[t]his court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from [a claimant's] credibility as to [the claimant's] overall disability"). Abbott's description of his relatively limited activities do not contradict his other testimony. *Cf. Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989). His described activities also do not meet the test described in *Fair* to demonstrate transferable work skills. *Id.* at 603.

Abbott meets the requirements described in *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir.2002), for a remand to calculate an award of benefits. "(1) [T]he ALJ has failed to provide legally sufficient reasons for rejecting [Abbott]'s evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

disabled if he considered the claimant's evidence." *See id.* at 1076–77; *see also* 20 C.F.R. § 404.1567 (2007).

**REVERSED; REMANDED** for award of benefits.