Timothy **FERGUSON**, Plaintiff—
Appellant,

v.

Michael J. **ASTRUE**,[*] Commissioner
of Social Security, Defendant—
Appellee.

No. 06–35351.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 2007.[**]

Filed March 17, 2008.

---

[*] Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maureen Rosette, Law Offices, Spokane, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., Office of the U.S. Attorney, Spokane, WA, Richard A. Morris, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM ***

Timothy Ferguson's disability coverage under the Social Security Act lapsed in 1999, and he filed a claim for benefits in 2001. After a hearing before an administrative law judge ("ALJ"), the Commissioner of the Social Security Administration denied his claim. The district court affirmed, and Ferguson brought this appeal. We review de novo a district court's affirmance of a denial of disability benefits. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.2004). The Commissioner's decision must be affirmed if it is supported by substantial evidence and the Commissioner relied on the correct legal standards. *Id.*

■ The district court correctly determined that the Commissioner's conclusions were supported by substantial evidence. Ferguson failed to meet his burden of proving that he was disabled for at least one year prior to the date last insured. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999) (placing the burden of proof on the claimant). Ferguson presented evidence that he suffered from post-traumatic stress disorder, but he presented scant evidence that this condition constituted a severe impairment as required for a finding of disability under 20 C.F.R. § 404.1520(c). The doctor's reports for the period in question indicate that Ferguson did not face significant functional limitations. The ALJ was entitled to credit these reports over medical reports issued after the period in question, especially in light of the finding that Ferguson's self-reporting to physicians was not entirely credible. Therefore, substantial evidence supported the ALJ's conclusions.

■ Nor was it error for the ALJ to rely upon the testimony of a non-examining medical expert in rejecting portions of the examining physicians' reports. *See Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996). Following the requirement of *Lester*, the ALJ stated specific and legitimate reasons beyond the expert's testimony for rejecting the examining physicians' conclusions. *See id.* at 831. The examining physicians' reports sometimes presented conflicting information, Ferguson failed to seek medical treatment for significant stretches of time during the requisite period and, as noted above, Ferguson's self-reporting was found not to be credible.

■ Finally, we consider Ferguson's argument that the ALJ failed to give sufficient weight to the Department of Veterans' Affairs ("VA") disability rating. While such ratings are ordinarily entitled to great weight, the Commissioner properly gave less weight to the VA disability rating because the Commissioner stated "persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.2002). The VA issued both of its ratings decisions after the date Fer-

***This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

guson was last insured. These decisions were not supported by objective medical assessments, and they relied upon Ferguson's questionable self-reporting of symptoms. The VA also increased its rating retroactively on the basis of the same evidence underlying its first decision. In light of these facts, the ALJ did not commit error under *McCartey*.

The judgment of the district court is therefore **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.