**Estate of Randy LOPES,**
**Plaintiff–Appellant,**

**v.**

---

Michael J. ASTRUE,* Commissioner
of Social Security, Defendant–
Appellee.

No. 06–16370.

United States Court of Appeals,
Ninth Circuit.

Submitted April 18, 2008.**

Filed May 12, 2008.

exhaustion of direct appellate review." *See Coleman*, 501 U.S. at 756–57, 111 S.Ct. 2546.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ian M. Sammis, San Rafael, CA, for Plaintiff–Appellant

Dennis J. Hanna, Social Security Administration Office of the General Counsel, Sara Winslow, Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

This is a social security disability insurance case. The estate of Randy Lopes challenges the district court's grant of summary judgment in favor of the Commissioner of Social Security as well as the district court's order denying the estate's motion to amend or alter the judgment. This court has jurisdiction to review a final judgment of a district court pursuant to 28 U.S.C. § 1291. We affirm.

A district court's order upholding a denial of social security disability benefits is reviewed de novo. *McCartey v. Massanari,* 298 F.3d 1072, 1075 (9th Cir.2002); *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). Both the district court and this court must affirm the decision of an administrative law judge (ALJ) if the decision is supported by substantial evidence and the ALJ applied the correct legal standards. *Id.*

The estate contends the district court erred in not adopting October 1995 as a start date for determining Lopes' disability onset date. Although the estate now contends the ALJ should have used October 1995 as the start date, Lopes alleged in his application for benefits that his disability began on February 13, 1996.

We conclude that substantial evidence supports the ALJ's disability onset date of December 17, 1996. *See id.* We further conclude the district court did not commit a legal error by not using October 1995 as the start date for its analysis. The medical evidence did not show that October 1995 was the disability onset date, and the ALJ properly used the alleged disability onset date as the starting point for her analysis. *See Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.2001) (amended) (stating the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambigui-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

760

ties); Social Security Program Policy Statement: Titles II and XVI Onset of Disability, SSR 83–20 (1983).

■ The estate next contends the district court erred in evaluating the ALJ's failure to fully discuss the combined effects of Lopes' mental impairment. The Commissioner correctly contends the estate failed to raise this issue to the district court and, accordingly, we need not address it. *See Greger v. Barnhart,* 464 F.3d 968, 973 (9th Cir.2006).

Next, the estate contends the district court erred by accepting the ALJ's reference to two jobs that the vocational expert (VE) suggested Lopes would be able to do. The estate contends the jobs were more difficult than the kind the ALJ asked about in her hypothetical question to the VE.

■ An ALJ may rely on expert testimony even if it is inconsistent with the Dictionary of Occupational Titles' job descriptions. *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995). To rely on such testimony, the record must contain persuasive evidence to support the deviation, such as testimony of available job categories in the local rather than the national market and testimony related to jobs that meet the specific abilities and limitations of the claimant. *Id.* Here, the VE did testify about the availability of jobs in the local California market, and the VE specifically considered Lopes' limitations. Accordingly, we conclude the VE offered persuasive evidence to support deviating from the Dictionary of Occupational Titles definitions. *See id.* We further conclude the ALJ properly relied on the VE's testimony. *See id.*

■ Next, the estate contends the district court committed clear error when it found "lack of jurisdiction" to address Lopes' disability from 1994 to 1995. We

disagree. The district court properly found it lacked subject matter jurisdiction to review the evidence and conclusions of an earlier 1994 disability claim because that would require reopening the earlier decision, which the district court could not do because Lopes did not appeal that decision. A district court may only consider a "final decision" of the Commissioner. 42 U.S.C. § 405(g). A "final decision" generally requires that a claimant exhaust his administrative remedies, which Lopes failed to do. *See id.*; 42 U.S.C. § 405(h); *Johnson v. Shalala,* 2 F.3d 918, 921 (9th Cir.1993).

■ The estate next contends the district court erred by refusing to use the disability onset date from the earlier decision as the starting point for analyzing Lopes' disability for his second benefits application. The estate contends the rule of mandate gave the second ALJ the authority to consider the evidence from the previous closed period of disability determination because the district court previously remanded this case to the second ALJ and directed her to review the case pursuant to SSR 83–20 (a social security program policy statement regarding the onset of disability). The estate contends this reference to SSR 83–20 required ALJ Lazuran consider all medical evidence, regardless of the date of that evidence.

As discussed above, the district court properly found it lacked jurisdiction to reopen the previous case. The district court was not required by the rule of mandate to reconsider whether the first ALJ properly determined Lopes' disability ended after a closed period in 1994.

Finally, the estate appeals the district court's order denying the estate's motion to amend or alter the judgment made pursuant to Federal Rule of Civil Procedure 59(e). This court reviews a denial of a 59(e) motion for an abuse of discretion.

*McQuillion v. Duncan,* 342 F.3d 1012, 1014 (9th Cir.2003). Reconsideration of an order granting summary judgment pursuant to a 59(e) motion requires new evidence, a change in the law, or a clearly erroneous decision. *Id.*

■ The district court properly granted summary judgment in favor of the Commissioner, and the estate failed to present new evidence or demonstrate a change in the law. Accordingly, we conclude the district court did not abuse its discretion in denying the estate's 59(e) motion and affirm the district court.

In conclusion, we affirm the district court on all challenged grounds and conclude that the ALJ's determination that Lopes was not disabled before December 17, 1996 was supported by substantial evidence and was free from legal error. We further conclude that the district court did not abuse its discretion by denying the estate's motion to amend or alter the judgment.

**AFFIRMED.**