**Ronnie SANDERS, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE, Defendant— Appellee.**

**No. 07–15204.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2008.*

Filed Sept. 26, 2008.

---

---

Lawrence D. Rohlfing, Esquire, Law Offices of Lawrence Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Mark A. Win, Assistant Regional Counsel, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Ronnie Sanders appeals the district court's order granting the Commissioner of Social Security's motion for summary judgment on Sanders's action challenging the Administrative Law Judge's ("ALJ") order denying his application for disability insurance benefits and Supplemental Security Income payments. The ALJ concluded Sanders had a severe impairment within the meaning of the regulations, but that Sanders retained a residual functional capacity that enabled him to perform a significant number of jobs in the national economy. Sanders contends substantial evidence does not support the ALJ's determination of Sanders's mental residual functional capacity or the ALJ's finding Sanders could perform a significant number of jobs in the national economy. Because substantial evidence supports the ALJ's decision, we affirm.

First, in determining Sanders's residual mental functional capacity, the ALJ credited the testimony of the examining physician over that of the non-examining physician. *See* 20 C.F.R. § 404.1527(d)(1). Though the ALJ departed from an earlier Veterans Affairs disability determination, the ALJ provided "persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.2002). The previous disability determination was

several years old, and intervening medical records demonstrated Sanders's condition had improved. Second, the vocational expert did not contradict the *Dictionary of Occupational Titles*, but instead adjusted available statistics in order to conform his testimony to the classifications found in the *Dictionary*.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

