FILED

NOT FOR PUBLICATION

OCT 19 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER L. BREWER, | No. 08-16171 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-01896-EFB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted October 4, 2010[**]
San Francisco, California

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

The administrative law judge (ALJ) failed to give "great weight" to a

determination of disability by the Department of Veterans Affairs (VA). McCartey

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may reject the VA's disability determination by providing a persuasive, valid reason such as having additional evidence that the VA did not have when making its decision. See id.; Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 694–95 (9th Cir. 2009). That standard was not met here.

The VA decided that Brewer is disabled and awarded him benefits. The Appeals Council remanded so that the ALJ could account for the VA's decision and determine the basis of that decision. Nevertheless, the ALJ gave little to no weight to the VA's finding and did not determine its underlying basis. This was not in keeping with the Appeals Council's instructions or our case law indicating that if the basis for the VA's finding of disability is unclear, the ALJ's duty to inquire and further develop the record would be triggered. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996))).

**REVERSED and REMANDED** for further consideration and development of the record in light of the VA's disability determination.