NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY M. THEBO,<br><br>           Plaintiff - Appellant,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>           Defendant - Appellee. | No. 10-35097<br><br>D.C. No. CV 08-3121-HU<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Oregon
Dennis James Hubel, Magistrate Judge, Presiding

Submitted March 11, 2011**
Portland, Oregon

Before: THOMAS and GRABER, Circuit Judges, and SELNA,[***] District Judge.

Gary Thebo appeals the district court's order affirming the decision of the

administrative law judge ("ALJ") denying his application for disability benefits.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R App. 34(a)(2)

[***]      The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

We review *de novo* the district court's order affirming the ALJ's denial of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). The decision may be set aside "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Because the factual and procedural history is familiar to the parties, we need not recount it here.

The ALJ did not err by rejecting Thebo's testimony as not credible. First, the ALJ gave "specific, clear and convincing reasons" for discounting Thebo's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ found that the weight of the medical evidence conflicted with the disability claim, as did Thebo's daily activities, which included taking care of his children, doing laundry, preparing meals, washing his car, and grocery shopping. The ALJ also noted testimonial inconsistencies and medical noncompliance. Second, there was affirmative evidence of malingering. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Two psychiatrists and a psychologist examined Thebo and found that his reports "appear[ed] more fictional than delusional," suggesting "possible malingering or conversion symptoms, rather than PTSD." *See Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

Additionally, an examining neurologist found that Thebo's muscular weakness was "'give away' in nature."

Substantial evidence supports the ALJ's determination that Thebo did not suffer from a severe lung impairment. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Specifically, a chest X-ray and CT scan were normal, medical reports indicated that Thebo's airway disease was reversible and that medication alleviated his symptoms, and a physician reported that he observed no hemoptysis. Although Thebo points to countervailing medical evidence, much of the evidence he cites comes from before his alleged onset date and relies in large part on his subjective complaints, which have been discounted. Where the evidence supports more than one rational interpretation, the court must defer to the ALJ's decision. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ did not err by rejecting the treating doctor's opinion in favor of the examining doctors' opinions because the ALJ gave "specific, legitimate reasons for disregarding the opinion of the treating physician."[1] *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). First, the ALJ noted that the treating doctor's report

---

[1] Because the treating doctor's opinion conflicted with the examining doctors' findings, the ALJ did not need to state "clear and convincing" reasons for rejecting the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

appeared to be premised on Thebo's subjective complaints, and the ALJ had found that Thebo's subjective complaints were not credible. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Second, the treating doctor's report was completed in 2001 while the examining doctors' reports were completed in 2002, which is relevant insofar as it suggests that, even if Thebo suffered from PTSD at one time, he did not suffer from PTSD through his date last insured. Third, only one doctor concluded that Thebo suffered from PTSD, whereas several doctors concluded that Thebo did not suffer from PTSD. *See Edlund v. Massanari*, 253 F.3d 1152, 1157-58 (9th Cir. 2001). Fourth, the treating doctor's opinion appeared to rest on a single meeting with Thebo, undercutting the "rationale for giving greater weight to a treating physician's opinion." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). These specific, legitimate reasons were sufficient grounds for the ALJ's rejection of the treating doctor's opinion.

The ALJ also gave reasons "germane to each witness" for rejecting the lay witness testimony of Thebo's wife and mother. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The testimony of Thebo's wife and mother conflicted with the ALJ's findings that Thebo did not suffer from severe PTSD, lung impairment, or joint pain, and those findings were based on the weight of the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One

4

reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." (citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam))). Although the ALJ did not "clearly link" his rejection of the lay testimony to the conflicts between the lay testimony and the medical evidence, he summarized the wife's and mother's statements and noted that "both [statements] were considered in arriving at the residual functional capacity" and that "[c]onsideration [was] given to the medical opinions and lay reporting." *See id.* at 512 (finding that the ALJ "noted arguably germane reasons for dismissing the [lay] testimony, even if he did not clearly link his determination to those reasons"). Even if the ALJ's rejection of the wife's and mother's testimony had been an error, Thebo has not met his burden of showing that the error was harmful. *Shinseki v. Sanders*, --- U.S. ----, 129 S. Ct. 1696, 1706 (2009). Indeed, the record suggests that the error was harmless*, id.* at 1708, because the ALJ considered the testimony in determining Thebo's residual functional capacity.

The ALJ properly relied on the vocational expert's response to his hypothetical. The ALJ's determination that Thebo did not suffer from severe joint pain was supported by substantial medical evidence, including imaging studies showing no arthritic changes, studies based on bone scans indicating "minimal" degenerative changes, and Thebo's report that his joint pain was alleviated by

5

medication. Thus, the ALJ's residual functional capacity determination and the hypothetical he posed to the vocational expert were supported by the record, *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982), and included all of Thebo's functional limitations, *Thomas*, 278 F.3d at 956.

Finally, in his notice of supplemental authority, Thebo argued that in light of *McLeod v. Astrue*, No. 09-35190, 2011 WL 1886355 (9th Cir. May 19, 2011), the case should be remanded to the ALJ for further development of Thebo's VA records. Although *McLeod* was decided after Thebo submitted his opening brief, *McLeod* applied well-established Ninth Circuit case law[2] and a United States Supreme Court decision that was issued before Thebo filed his opening brief.[3] By not raising the argument before the district court or in his opening brief, Thebo waived the argument. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Even if he had not waived the argument, the "circumstances of the case" do not "show a substantial likelihood of prejudice." *See McLeod*, 2011 WL 1886355, at *5. Thebo was represented by counsel throughout the proceedings and, notably, the

---

[2] *See McLeod*, 2011 WL 1886355, at *4 (concluding that the holdings of *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), and *Tonapetyan*, 242 F.3d at 1150, "taken together establish that when the record suggests a likelihood that there is a VA disability rating, and does not show what it is, the ALJ has a duty to inquire").

[3] *See McLeod*, 2011 WL 1886355, at *4 (citing *Shinseki*, 129 S. Ct. 1696).

medical records do not suggest that the VA considered him to be fully disabled at any time.

**AFFIRMED**.