**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DAVID E. MCKEE,

             Plaintiff - Appellant,

   v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

             Defendant - Appellee.

No. 10-35835

D.C. No. 2:09-cv-05068-JPH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Argued and Submitted July 14, 2011
Seattle, Washington

Before: GILMAN[**], CLIFTON, and N.R. SMITH, Circuit Judges.

    David McKee appeals the district court's decision affirming the

Administrative Law Judge's ("ALJ") denial of his application for disability

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

insurance benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we REVERSE and REMAND for further proceedings.

Any error of the ALJ at Step II was harmless, because the ALJ resolved that step in McKee's favor.  *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050*, 1056 (9th Cir. 2006) (citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)).

Substantial evidence supports the ALJ's rejection of  Dr. Mabee's opinion, because Dr. Mabee appeared to base his analysis of McKee's limitations on the assumption that McKee had been sober after October 2004.   The record demonstrates that the ALJ had "specific and legitimate" reasons to reject Dr. Mabee's opinion, because McKee had numerous relapses between 2004 and 2006. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  Thus, the ALJ did not err in determining that he must make a disability determination "both with and without [drug and alcohol abuse ("DAA")]."  *See* 20 C.F.R. § 404.1535.

The ALJ failed to give a "persuasive" reason for refusing to afford "great weight" to the determination of the Department of Veterans' Affairs (VA) that McKee was one-hundred percent disabled.  *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).   The ALJ's reason for rejecting the VA's disability rating, "because substance abuse is clearly contributory" is not "persuasive" or "valid," because the record shows that the rating was made while McKee was

2

sober. McKee was given his disability rating at the end of a seven-week inpatient treatment program for Post-Traumatic Stress Disorder where he could not drink and was tested for drugs.[1]

The ALJ concluded that the Global Assessment of Functioning (GAF) scores of 36 and 40 "must indicate functioning when not sober[.]" Instead, the GAF score of 36 was assigned by the VA to McKee at the end of his seven week inpatient treatment program, where he remained sober for at least five weeks. Dr. Schultz assigned a GAF of 40. She also observed that McKee's DAA was in "early full remission" at the time she assigned the score. Therefore, the ALJ's reliance on Dr. Shultz's opinion to support his finding that McKee could perform past relevant work (when DAA is not considered) contradicts the ALJ's rejection of the GAF score.

---

[1] The Social Security Administration's own prescribed process in the Programs Operations Manual System (POMS) indicates that where "the evidence documents that, after a drug-free period of 1 month, the other impairment(s) is by itself not disabling," then DAA is material. *See* POMS § DI 90070.050(D)(3). As discussed in *Ingram v. Barnhart*, 72 F. App'x 631, 636 n.30 (9th Cir. 2003), although the POMS "lacks the force of law . . ., [t]he logical inference is that if, after a drug-[]free period of one month, the other impairments are still disabling, the individual's drug and alcohol addiction should not be considered material." Such a "logical inference" is also appropriate here, where the VA made its determination of disability after more than a seven-week period of no alcohol consumption and after drug testing was negative for five weeks.

3

Finally, the Commissioner's argument that McKee's ability to attend therapy demonstrates that he is able to work does not, alone, constitute substantial evidence to reject a finding of disability. *Cf. Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (A claimant may engage in activities "despite pain for therapeutic reasons, but that does not mean [he] could concentrate on work despite the pain or could engage in similar activity for a longer period given the pain involved.")

In sum, the ALJ had, at most, "only a scintilla of evidence" to reject the VA's disability rating and to determine that McKee could perform past relevant work in the absence of DAA. *Cf. id.*

Because the ALJ did not reach Step V, we REVERSE the judgment of the district court and REMAND with instructions to remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED and REMANDED**