**Lloyd E. SCIFERS, Plaintiff— Appellant,**

**v.**

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

**No. 04–15617.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.*

Decided Dec. 12, 2005.

Before: BRUNETTI, KOZINSKI and SILVERMAN, Circuit Judges.

MEMORANDUM **

1. "[A]n ALJ must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.2002). But the VA's disability determination is not binding on the Social Security Administration (SSA). *See* 20 C.F.R. § 404.1504. "Because the VA and SSA criteria for determining disability are not identical, . . . the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076. The ALJ in this case properly accorded less weight to the VA's disability rating, after explaining that the medical evidence does not support a finding of disability under the SSA's definition.

2. Although Scifers's current treating physician concluded that Scifers's disability is "ongoing and permanent," that physician did not begin treating Scifers until 17 years after the date that Scifers was last insured for Social Security disability benefits. The ALJ's decision to accord less weight to that physician's opinion, and to accord more weight to medical records contemporaneous to Scifers's "date last insured," is supported by clear and convincing reasons in the record. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995).

3. The contemporaneous medical records also support the ALJ's determination that Scifers retained residual functional capacity as of his "date last insured." Further, the records support the ALJ's determination that use of the Medical–Vocational Guidelines was appropriate. *See Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir.1999) ("[T]he fact that a non-exertional limitation is alleged does not automatically preclude application of the [guidelines]."); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 577 (9th Cir.1988) ("It is not necessary to permit a claimant to circumvent the guidelines simply by alleging the existence of a non-exertional impairment, such as pain, validated by a doctor's opinion that such impairment exists. To do so frustrates the purpose of the guidelines.").

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

4. The ALJ's determination, based on the guidelines, that Scifers could perform sedentary work as of his "date last insured" is supported by the record. Thus, the ALJ properly concluded that Scifers is not entitled to Social Security disability benefits. *See* 42 U.S.C. § 405(g).

AFFIRMED.