**REVERSED in part, DISMISSED in part, and VACATED in part.**

Victor **PODGORNEY**, Plaintiff–Appellant,

v.

**Jo Anne B. BARNHART,**
**Defendant–Appellee.**

**No. 05–17221.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2006.*

Filed Dec. 20, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Ian M. Sammis, Esq., San Rafael, CA, for Plaintiff–Appellant.

Dennis J. Mulshine, Esq., Amita Baman Tracy, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: D.W. NELSON, REINHARDT, and BYBEE, Circuit Judges.

MEMORANDUM **

Victor Podgorney appeals the district court's order of summary judgment in favor of the Commissioner of the Social Security Agency (the "Agency") in Podgorney's action for disability benefits. We reverse the district court and remand the case to allow the Agency to properly consider medical documents omitted from the administrative record.

On March 18, 2002, Podgorney filed an application for Disability Insurance Benefits. After a hearing before an Administrative Law Judge ("ALJ"), the Agency denied Podgorney's claim. Podgorney appealed that ruling to the district court, and on January 6, 2004, the case was remanded to an ALJ for further consideration. On August 12, 2004, an ALJ again denied Podgorney's claim. In making that determination, the ALJ concluded that a determination by the Department of Veterans Affairs ("VA") that Podgorney was disabled was not entitled to great weight because it was conclusory in nature, did not adequately explain why Podgorney could not work, and conflicted with other evidence. Although the ALJ received at least four documents relating to the VA's disability determination, only one of those documents made it into the administrative record, and it is unclear upon which VA documents the ALJ's decision was based.

After the Appeals Council decided not to disturb the ALJ's ruling, Podgorney sought judicial review of the decision and filed a motion for summary judgment alleging that the Agency's failure to include the missing documents in the administrative record requires remand. The district court denied Podgorney's motion, and we reverse.

It is well-settled that agencies are bound to follow regulations they promulgate. *Sameena, Inc. v. U.S. Air Force,* 147 F.3d 1148, 1153 (9th Cir.1998). When agency regulations are "intended to protect the interests of a party before the agency ... [they] 'must be scrupulously observed.' " *Sameena,* 147 F.3d at 1153 (quoting *Vitarelli v. Seaton,* 359 U.S. 535, 547, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959) (Frankfurter, J., concurring)). Social Security Rulings 96–2p and 96–5p require an ALJ to carefully consider all medical evidence that bears on the decision of a claimant's disability determination. Moreover, "an ALJ must ordinarily give great weight to a VA determination of disability," and may only "give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are *supported by the record.*" *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir.2002) (emphasis

added). Because the ALJ failed to include three VA documents in the administrative record, including the VA determination itself, the documents cannot properly be considered as part of the record upon which the ALJ's decision was based. Consequently, the Agency violated its own regulations requiring it to consider all relevant medical evidence in making a disability determination.

The Agency contends there was no harm in omitting the VA documents from the administrative record because the ALJ sufficiently considered them, as evidenced by references made in the ALJ's decision. This argument lacks merit. First, "[a] court cannot excuse the denial of a mandatory procedural protection simply because," as the Agency urges, there may have been sufficient evidence in the record for the ALJ to discount the VA's determination. *Wilson v. Commissioner of Social Sec.*, 378 F.3d 541, 546 (6th Cir.2004). Second, although the ALJ did refer to the October 2001 VA rating decision, it is unclear whether the ALJ's conclusion that the VA's disability decision was "conclusory in nature" referred to the March 2002 rating decision or the October 2001 rating decision, and the ALJ's failure to include the VA documents in the administrative record exacerbated this ambiguity and rendered judicial review of its decision impractical if not impossible.

Therefore, we remand to the Agency.

**REVERSED and REMANDED.**

BYBEE, Circuit Judge, dissenting:

Appellant Victor Podgorney seeks yet a third opportunity to plead his disability benefits claim before the Social Security Administration ("SSA"). The majority accommodates him by holding that Appellant's benefits claim must be remanded "to allow [SSA] to properly consider medical documents," pertaining to the Department of Veteran's Affairs' ("VA") decision to rate Appellant disabled, that were "omitted from the administrative record." Maj. Op. at ——. I disagree with the majority because I believe that Appellant has had a full and fair hearing on his claims. First, every *medical* document supporting the VA's decision—including Appellant's VA medical files—is included in the administrative record, and there is no evidence that the administrative law judge in this case did not examine the whole record when he denied Appellant's benefits claim. Second, the only documents omitted from the administrative record are letters informing Appellant of the VA's determination that he was disabled under its—not SSA's—standards, and those letters are not material in light of the fact that the administrative record contains all the underlying medical documents that the VA could have relied on in making its determination. And third, the record readily establishes that the ALJ both considered the so-called missing documents and rejected their contents as "conclusory in nature" and not "adequately reflect[ing] the evidence of record." There is no reason to remand this case for yet another hearing.

As the ALJ's decision is supported by substantial evidence, I would affirm the decision of the district court in full. I respectfully dissent.