Kenneth D. MCELROY, Plaintiff—
Appellant,

v.

Michael J. ASTRUE,* Commissioner of
the Social Security Administration,
Defendant—Appellee.

No. 05–35512.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed June 6, 2007.

---

\* Michael J. Astrue is substituted for his prede-
cessor Jo Anne Barnhart as Commissioner of
the Social Security Administration. Fed.
R.App. P. 43(c)(2).

Peter Moote, Esq., Freeland, WA, for Plaintiff–Appellant.

Leisa Wolf, Esq., SSA—Social Security Administration Office of the General Counsel, Brian C. Kipnis, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Kenneth McElroy appeals the Social Security Administration's denial of his application for disability benefits. McElroy

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

contends that the Administrative Law Judge ("ALJ") erred in finding him "not disabled" under the Social Security Act. Specifically, McElroy challenges the ALJ's findings that McElroy was: 1) not severely mentally impaired; 2) not credible in his subjective pain testimony; 3) capable of light work; and 4) capable of performing certain light-duty jobs in existence in the national economy.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. We review an order of the district court affirming a denial of Social Security benefits de novo. *Widmark v. Barnhart,* 454 F.3d 1063, 1066 (9th Cir.2006). We may set aside an ALJ's denial of benefits if the denial decision was not supported by substantial evidence or if it was based on legal error. *Id.*

■ First, we affirm the ALJ's determination that McElroy did not suffer from a severe mental impairment. An impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Examinations of McElroy by mental health specialists determined that McElroy had only mild depression and no substantial mental impairments that would preclude him from working. As there is no indication that the ALJ's determination was not supported by substantial evidence or was legally erroneous, we affirm the ALJ's finding.

■ Second, we reverse the ALJ's holding that McElroy's subjective pain testimony was not credible. Because McElroy produced objective medical evidence of his fibromyalgia, which would reasonably be expected to produce pain, the ALJ was

required to state clear and convincing reasons for rejecting McElroy's testimony regarding the severity of his pain symptoms. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir.2004).

When assessing a claimant's credibility, an ALJ may consider factors such as reputation for truthfulness, inconsistencies in a claimant's testimony or between his testimony and his conduct, daily activities, work record, and testimony from doctors or third parties regarding the nature, severity, and effect of the alleged symptoms. *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792–93 (9th Cir.1997). At his hearings, McElroy described his pain symptoms in detail. The ALJ discounted McElroy's subjective pain testimony based on select statements from certain medical records and purported inconsistencies between McElroy's testimony and his daily activities.

However, neither the medical reports nor McElroy's daily activities provide clear and convincing reasons for finding that McElroy lacked credibility. Numerous medical reports substantiated McElroy's severe physical impairment as well as his subjective pain descriptions, beginning at the time contemporaneous to McElroy's injury in 1992 and continuing for years thereafter. In addition, McElroy's testimony regarding his daily activities was not inconsistent with his pain testimony. *See, e.g., Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."). We therefore reverse the ALJ's finding that McElroy lacked credibility regarding his subjective pain testimony.

■ Third, because we reverse the ALJ's credibility finding concerning McElroy's pain testimony, we also reverse the ALJ's determination that McElroy was capable of light work. The medical evidence, in combination with McElroy's testimony, does not support a finding that McElroy was capable of returning to employment. The medical report relied on by the ALJ in finding that McElroy had the residual functional capacity to perform light work was incomplete and recognized that more testing would be required before it could be determined whether McElroy was capable of light work. Other reports by physical and occupational therapists indicated that McElroy was incapable of returning to work and confirmed McElroy's pain testimony. These reports represent competent evidence that should have been taken into account. *See Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001).

■ Finally, we reverse the ALJ's determination that jobs existed in the national economy that McElroy was capable of performing. The ALJ relied on the opinion of a vocational expert in deciding that McElroy could function as a light cleaner or night guard. However, the expert was not familiar with McElroy's medical history, and only provided the two jobs after the ALJ told her that McElroy was capable of performing light work. Because we find that the determination that McElroy was capable of performing light work was not supported by substantial evidence, the opinion of the vocational expert is without evidentiary value. *See Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). Without that evidence, the Commissioner did not meet his burden of showing that McElroy could perform substantial gainful employment in the national economy. *See Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1512(g).

The record has been fully developed in this case. Because it is clear from the record that the ALJ would be required to find McElroy disabled if the ALJ credited McElroy's testimony, further proceedings before the ALJ would serve no useful purpose. We therefore elect to remand this case to the ALJ and direct an award of benefits for McElroy. *See McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir.2002).

AFFIRMED in part, REVERSED in part, and REMANDED for award of benefits.