**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER D. MOONEY, | No. 09-35436 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-06128-HA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted March 5, 2010
Portland, Oregon

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

Plaintiff-Appellant Peter D. Mooney seeks review of the Commissioner of

Social Security Administration's decision to deny him disability benefits under

Title II of the Social Security Act (Act), 42 U.S.C. § 401, *et seq.* The district court

affirmed the denial. We presume the parties' familiarity with the facts and do not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

recount them here except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the district court with instructions to remand to the Administrative Law Judge (ALJ) for additional proceedings.

The district court's decision is reviewed de novo, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), and the Commissioner's decision is reviewed for substantial evidence, *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

## I.     Treating psychologist's opinion

The ALJ rejected the opinion of Dr. Turner, Mooney's treating psychologist, which concluded, based on objective testing, that Mooney was unable to work "due to both psychological and medical factors." First, the ALJ rejected Dr. Turner's opinion because Mooney "was still performing landscape work," even though Mooney's landscape job was through the VA's sheltered work program, the purpose of which is to provide jobs for vets who are *not able to hold a competitive job*. Second, the ALJ rejected Dr. Turner's opinion because "[a]t no time . . . was there any report of the claimant's inability to get along with others or the staff" or of him being violent, even though substantial evidence in the record shows that Mooney had tremendous difficulty getting along with people outside of the sheltered VA environment and that Dr. Turner found Mooney unemployable

-2-

due to his anxiety, depression, and physical limitations as well as his "great difficulty accepting any criticism." Finally, the ALJ surmised that Dr. Turner lied or exaggerated about Mooney's condition so as to aid "his re-admittance into VA transitional housing," without offering any evidence for this conclusion. Therefore, the ALJ's decision to discredit Dr. Turner's opinion is not justified by clear and convincing reasons supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).

## II. VA GAF scores

The ALJ gave the VA GAF scores "little weight" because she found that (1) they were not consistent or supported by evidence of severe limitations and (2) they were based on the underlying premise that Mooney "basically had no work history since his discharge from the Army in 1991" even though he had worked as a parking lot attendant.

The GAF scores assigned by medical providers ranged from 43 to 49, all within the "serious symptoms" range. The ALJ overstated the significance of the score variance and did not consider the consistency of the scores with all treatment comments and diagnoses.

While the ALJ correctly noted that many of Mooney's treatment providers explicitly mentioned his lack of employment as partial support for their diagnoses, this is not sufficient justification for discrediting the diagnoses altogether. The record does not reflect whether the providers knew that Mooney had done some limited work—approximately 3 hours per day for one day per week—as a parking lot attendant. It is possible that they knew of the work but found it insignificant or, perhaps, even considered it additional evidence of Mooney's inability to be competitively employed, especially in light of their knowledge of his chronic homelessness and joblessness. Regardless, it is unlikely that their diagnoses would have been different had they known of his limited work experience because, as suggested by their diagnoses, he was unable to sustain this job. *See Smolen v. Chater*, 80 F.3d 1273, 1286-88 (9th Cir. 1996)

### III.  VA award of disability

The VA awarded Mooney 100% service-connected disability, but the ALJ rejected the VA's 100% disability award because "the full record indicated the claimant was able to sustain work at the competitive level." In this circuit, "an ALJ must ordinarily give great weight to a VA determination of disability." *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Indeed, the ALJ must give "persuasive, specific, valid reasons" for giving less weight to the VA's

disability rating. *Id.* Here, the ALJ's reasoning was insufficient to overcome the VA's determination.

For the foregoing reasons, we REVERSE the district court with instructions to REMAND to the ALJ for the step five determination as to whether Mooney can engage in other types of substantial gainful work that exists in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g5). In doing so, the ALJ should give great weight to Dr. Turner's opinion, the VA GAF scores, and the VA disability award, unless the ALJ can articulate clear and convincing reasons supported by substantial evidence in the record for not doing so.

**REVERSED and REMANDED.**