**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VICKIE L. MARCH,

        Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant - Appellee.

No. 10-35980

DC Civ. No. 6:09-0903 AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted December 6, 2011[**]
Seattle, Washington

Before:    TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

    Vickie March appeals the decision of the district court affirming the Social

Security Commissioner's denial of her claim for disability benefits.  We have

jurisdiction pursuant to 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

March challenges the administrative law judge's ("ALJ") determination on a number of grounds, many of which we need not reach. But because the ALJ's determination of March's residual functional capacity ("RFC") did not adequately account for certain limitations, we reverse and remand for further proceedings.

**1.** March first argues that the ALJ improperly discounted three types of evidence when determining her limitations: (1) March's testimony concerning such severe symptoms as an inability to sit for longer than 15 minutes or walk more than the length of a grocery store aisle at a time; (2) a corroborating lay witness statement and testimony by the man with whom March lives; and (3) two physician reports.

The ALJ properly rejected this evidence. March's testimony about the severity of her symptoms conflicted with evidence of her daily activities, including evidence that she supplied. It also conflicted with March's own estimates of her functional limitations to the psychologist who evaluated her. This contradictory evidence adequately supports the ALJ's decision not to fully credit March's testimony. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160-61 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). It also supports the ALJ's decision to discount the lay witness statement and testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Even

2

assuming that the ALJ's remaining reasons for rejecting this evidence were improper, any error was harmless. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

The two physician reports also conflict with March's description of her daily activities. Moreover, their projections of her functional capacity lack objective support. The treating physician's conclusory check-the-box questionnaire described no bases for his diagnoses and contained no response to a request to "relate the limitations of functioning to their diagnostic bases." The examining physician's projections were likewise unmoored from any clinical finding. Discounting projections that are, as here, based largely on discredited subjective complaints is permissible. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 n.8 (9th Cir. 2009)*; Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (quotation marks and citation omitted)).

**2.** March next argues that the ALJ erroneously described a neuropsychological evaluation of March as having identified no significant functional limitations. But the ALJ accurately characterized the psychologist's findings. The ALJ did not err, either, by failing to discuss every piece of evidence

3

in the record. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 10112 (9th Cir. 2003) (the ALJ need not discuss all evidence). He adequately considered March's medical records and treatment notes, reasonably found old reports to be of little value as they did not bear on March's disability during the relevant period, and reasonably omitted any discussion of treating notes that did not materially corroborate March's claims.

3.      Next, March contends that the ALJ erred at Step 1 of the sequential evaluation process by finding that she had engaged in substantial gainful activity since the alleged onset of her disability. Testimony at the hearing suggested that March's earnings were phantom—the product of a friend's largesse. Citing inconsistencies in the testimony, primarily concerning the nature of March's work, the ALJ reasonably chose to disbelieve it. [1]

4.      Two of March's contentions, however, do have merit. In determining her RFC, the ALJ improperly ignored: (1) mental limitations that the ALJ had

---

[1]      The ALJ did not base his ultimate determination on this finding. Nor could he have—as the Commissioner effectively concedes. The Commissioner does not dispute March's claim that she was entitled to test her ability to work for a nine-month "trial work" period, 20 C.F.R. § 404.1592, and to continue testing her ability to work during an extended "re-entitlement" period without jeopardizing her entitlement to any benefits, 20 C.F.R. § 404.1592a. Even assuming that the ALJ's reading of the evidence is correct, March did no more than that here.

already credited; and (2) certain limitations contained in a physical capacity evaluation of March upon which the ALJ expressly relied.

The RFC failed to account for mental limitations the ALJ had already found credible: "moderate difficulties maintaining concentration, persistence or pace," and a reduced "capacity to concentrate" owing to "pain and stress."  Although the ALJ need not have engaged in a function-by-function analysis for non-credible medical impairments, *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005), he should not have ignored limitations he had already found supported by the record. *See Valentine*, 574 F.3d at 690 ("The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'  Thus, an RFC that fails to take into account a claimant's limitations is defective." (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988))).

For similar reasons, the ALJ wrongly failed to consider several limitations set forth in the physical capacity evaluation of March.  "[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard*, 341 F.3d at 1012 (internal quotation marks omitted).  But that does not relieve the ALJ of his obligation, when he rejects "significant probative evidence," to explain why he did so. *Vincent v. Heckler*, 739 F.2d 1393,

5

1394-95 (9th Cir. 1984). In this case, the ALJ not only discussed the evaluation, he also underscored its probative value, assigning it "considerable weight." Yet he omitted from his assessment, and provided no germane reason for rejecting, the restrictions on bending, twisting, and repetitive upper extremity hand controls set forth in the evaluation. The ALJ also misinterpreted the evaluation to permit occasional overhead reaching, when it actually said that March was restricted to reaching overhead infrequently with her left arm and never with her right. These errors were not harmless; had the limitations been incorporated into the ALJ's RFC assessment, he might not have concluded at Step 4 that March can perform past relevant work.

**5.** The ALJ's errors in constructing his RFC assessment preclude affirmance of his finding at Step 4. Because the RFC was defective, so were the hypothetical questions that the ALJ posed to a vocational expert ("VE") at the hearing, and so were the VE's answers. The VE's testimony cannot constitute substantial evidence in such circumstances, *Taylor v. Comm'r Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011), and the ALJ's finding at Step 4 was premised on nothing else.

Still, March is not entitled to an award of disability benefits at this time. Because there are "outstanding issues that must be resolved before a determination

6

of disability can be made" and because it is not "clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence," a finding of disability and an award of benefits would be premature. *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). We therefore reverse and remand the district court's decision with instructions to further remand the case to the agency for proceedings consistent with the conclusions above, including a new determination of March's RFC.

**REVERSED and REMANDED.**