**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT L. FEBACH,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>　　　　Defendant - Appellee. | No. 12-36061<br><br>D.C. No. 6:11-cv-00070-DWM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted May 13, 2014
Seattle, Washington

Before: O'SCANNLAIN, BERZON, and TALLMAN, Circuit Judges.

　　　Robert L. Febach appeals the district court's order affirming the Social

Security Commissioner's denial of his application for disability insurance benefits.

We affirm.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**(1)**     The Administrative Law Judge ("ALJ") provided "persuasive, specific, valid" reasons for giving limited weight to the Department of Veterans Affairs' (VA) determination that Febach has a 20% disability rating for depression. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  Although Febach was diagnosed with depression, that diagnosis alone is insufficient for finding a "severe" impairment, as required by the social security regulations.  20 C.F.R. § 404.1520(a)(4)(ii).  There was sufficient evidence in the record for the ALJ to conclude that Febach's depression is not "severe," including reports by at least three of Febach's physicians suggesting that his impairment is "non-severe."

**(2)**     Substantial evidence supports the ALJ's adverse credibility determination.  Most notably, the fact that Febach spent ninety days bow hunting in the year prior to his ALJ hearing supported the ALJ's conclusion that Febach's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible."  Febach testified that the bulk of his camping days were spent driving or resting in the camper, and that he used a modified bow on account of his inability to lift a standard one.  But Febach's hunting activities could also reasonably suggest that he has the ability and motivation to plan and execute a lengthy excursion in a remote location; sit in a car and drive some distance; stand for substantial periods; and lift objects necessary for camping by oneself.  These

2

activities support the ALJ's conclusion regarding Febach's credibility as to the functional limitations caused by his physical injuries, chronic pain, and depression.

"When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). We therefore affirm the ALJ's adverse credibility determination.

**(3)** In light of the adverse credibility determination and the medical evidence, the ALJ's residual functional capacity determination was not in error. Febach contends that the ALJ erred by not including in the residual functional capacity determination the effects of Febach's chronic pain and depression, in particular his alleged inability to consistently show up for work. Although there was medical evidence demonstrating that Febach suffered from both chronic pain and depression, the ALJ's reasonable adverse credibility determination provided "clear or convincing reasons for rejecting [Febach's] claims," *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984), as to the intensity, persistence and limiting effects of his symptoms, including his inability to show up for work regularly. Therefore, the ALJ did not err in failing to incorporate those limitations into the residual functional capacity determination, or in failing to consider the vocational

expert's testimony that a person who could not attend work regularly would not be able to find substantial gainful employment in the national economy.

**AFFIRMED.**