**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN E. LERCH, | No. 12-35627 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-06164-BR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 27, 2014[**]

Before:      D. NELSON, LEAVY, and THOMAS, Circuit Judges.

Sean Lerch appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying his application for disability

insurance benefits under Title II of the Social Security Act.  Lerch contends that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Administrative Law Judge ("ALJ") erred in not properly considering his need to use a restroom at unpredictable times, and the limitations imposed by an examining physician; erred in discounting the lay witness testimony of his wife; and erred in discounting the Department of Veterans Affairs ("VA") disability rating. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

In reaching the residual functional capacity finding, the ALJ properly considered Lerch's need for frequent unscheduled restroom breaks, and the limitations imposed by examining physician Dr. Clinger. The ALJ concluded that Lerch's impairment only restricted him to jobs that provided onsite access to a restroom, and the ALJ properly declined to incorporate Lerch's proposed limitations regarding his need for frequent, unscheduled, and lengthy restroom breaks because the record did not support this limitation. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-66 (9th Cir. 2001). In addition, the ALJ did not err in discounting the limitations outlined by Dr. Clinger where his medical opinion contradicted the assessment in his notes reporting Lerch's own description of his capabilities. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Because the evidence was properly discounted, the ALJ was not required to include the limitations in the residual functional capacity finding. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

The ALJ properly rejected the lay witness testimony of Lerch's wife. As an initial point, Lerch contends that the ALJ erred by making a finding about his residual functional capacity before weighing Mrs. Lerch's testimony. An ALJ, however, is not required to use a prescribed formula in drafting a decision. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ provided germane reasons for discounting the lay witness testimony where Mrs. Lerch's statements about the frequency and severity of her husband's conditions were contradicted by the medical record and other evidence of record. *See Bayliss,* 427 F.3d at 1218.

Finally, the ALJ did not err in reaching a different disability determination than the VA's disability rating. Although an ALJ must ordinarily give great weight to a VA rating, *see McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), the VA and Social Security Administration criteria are not identical, and the "ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so." *Id.* One valid reason for deviating is where the ALJ considers information that was not available to the VA. *See Valentine v.*

3

*Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009).  Here,

following the VA's October 2007 decision, the ALJ had medical records through

2010 which included follow-up results of Lerch's 2007 corrective surgery.  In

addition, the VA's determination rested on Dr. Clinger's opinion, with which the

ALJ disagreed.  *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010).  The

ALJ made the requisite findings, and there was no procedural error.  *See*

*Magallanes*, 881 F.2d at 755.

**AFFIRMED.**