IKUTA, Circuit Judge,
dissenting:
The ALJ did not err in his analysis of the Department of Veterans Affairs’s disability rating. The ALJ’s determination that the medical evidence did not support this rating and that the “predicate” to the VA’s determination of disability was “mysterious,” is supported by substantial evidence in the record. Among other things, the VA’s determination that Underhill was disabled (as defined under the VA regulations) required a finding that Underhill suffered from tinnitus, and the ALJ reasonably disregarded Underhill’s tinnitus because the record did not include a diagnosis from a medically acceptable source supported by objective findings. Therefore, the ALJ provided a “persuasive, specific, valid reason[ ]” for doing so that was “supported by the record.” Valentine v. Comm’r Soc. Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009) (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). Alternatively, any error was harmless because it clearly would not have altered the ALJ’s decision, Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012), given the substantial evidence supporting the ALJ’s residual functional capacity.
The ALJ did not err by faffing to explicitly mention Dr. Rezvani’s medical opinion that Underhill had degenerative disc disease. An “ALJ does not need to discuss every piece of evidence” in the record, only evidence that is significant and probative. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation marks omitted). Here, the ALJ did not need to give clear and convincing reasons for rejecting Dr. Rezvani’s report because the ALJ did not reject it. See Turner v. Comm’r of Soc. Sec., 613 F.3d 1217, 1223 (9th Cir. 2010). The ALJ found that Underhill’s degenerative disc disease constituted a severe impairment, and incorporated it into his assessment of Un-derhill’s residual functional capacity. Because Dr. Rezvani did not identify any functional limitations in his report, the ALJ’s determination did not contradict Dr. Rezvani’s opinion.
The supposed errors that the majority identifies in the ALJ’s decision were not errors at all, and the majority should not turn a review of an ALJ’s decision for *524 substantial evidence into a flyspecking exercise.[1] I dissent.

. At least as to our standard for reviewing ALJ's evaluations of VA decisions, "relief is on its way,” Jibril v. Gonzales, 423 F.3d 1129, 1138 (9th Cir. 2005), in the form of new regulations, which provide that for claims filed after March 27, 2017, "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency .,. about whether you are disabled, blind, employable, or entitled to any benefits.” Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5864, 5874 (Jan. 18, 2017) (amending 20 C.F.R, §§ 404.1504, 416.904). This amended regulation will overrule McCar-tey's requirement that "an ALJ must ordinarily give great weight to a VA determination of disability” or provide “persuasive, specific, valid reasons for [giving less weight] that are supported by the record,” 298 F.3d at 1076. See Irigoyen-Briones v. Holder, 644 F.3d 943, 947 (9th Cir. 2011); see also Nat’l Cable & Telecomms. Ass'n v. Brand X Internet Servs., 545 U.S. 967, 982-84, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005).