**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA CORTHION, | No. 17-15398 |
| Plaintiff-Appellant, | No. CV-15-00837-PHX-GMS |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted January 3, 2019[**]

Before: FARRIS, D. NELSON, and TALLMAN, Circuit Judges.

Brenda Corthion appeals the district court's affirmance of the Commissioner

of Social Security's denial of her application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act,

42 U.S.C. §§ 401–33, 1381–83f. We have jurisdiction under 28 U.S.C. § 1291 and

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") provided specific, clear, and convincing reasons for discounting Corthion's testimony pertaining to the extent of her symptoms and limitations. The ALJ properly relied upon inconsistencies between Corthion's position as a hostess and her alleged social limitations, the relatively conservative nature of her treatment as exhibited by the lack of inpatient treatment, and a lack of supporting medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ erred in citing other reasons for rejecting Corthion's testimony. For instance, the record indicates Corthion worked at Goodwill for less than a day in 2012. Thus, the record does not support the ALJ's finding that Corthion worked for Goodwill in 2012 and 2013, and working for a day or less is not a clear and convincing reason in support of the ALJ's conclusion that Corthion's symptoms are not as severe as she alleged. In addition, the ALJ neither provided any "meaningful explanation" in support of his conclusion that Corthion did not report debilitating side effects from her medication, nor explained how that fact undermined her testimony. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884

(9th Cir. 2006). Nevertheless, because the ALJ provided other clear and convincing reasons for discounting Corthion's testimony, these errors were harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

The ALJ also did not err in omitting discussion of a determination from the Arizona Department of Health and Human Services that Corthion is "seriously mentally ill" ("SMI") and qualifies for state services based on that status. Corthion's citation to *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002) is misplaced because that decision specifically pertains to disability findings by the Department of Veterans Affairs, rather than all agencies. Furthermore, Corthion has not shown how the SMI determination was significant or probative, as she did not argue the determination identified any particular symptoms or limitations that the ALJ neglected to discuss that would affect her ultimate nondisability determination. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

The ALJ proffered specific and legitimate reasons for rejecting treating psychiatrist Dr. England's opinion. The ALJ properly relied upon the conservative nature of Corthion's treatment, conflicting medical evidence, and Corthion's conflicting work activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir.

1999). The ALJ erred by citing Corthion's lack of debilitating side effects without explaining why this provided grounds for discounting Dr. England's opinion. *See Robbins*, 466 F.3d at 884. However, this error was harmless, as the ALJ provided other specific and legitimate reasons for rejecting Dr. England's opinion. *See Molina*, 674 F.3d at 1115.

Corthion has not demonstrated the ALJ erred when weighing the opinion of examining psychologist Dr. Geary. Corthion advocates the incorrect standard when she argues the ALJ erred by failing to "identify the portions [of Dr. Geary's opinion that the ALJ] accepted or rejected and explain why those limitations are accepted or rejected." While an ALJ must support the decision to reject portions of a physician's opinion, the ALJ is not obligated to explain why he or she accepted that opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Corthion does not argue the ALJ rejected portions of Dr. Geary's assessment without explanation, and the ALJ was not required to justify incorporating Dr. Geary's opinion into Corthion's residual functional capacity ("RFC") determination. *See id.*

Corthion also has not shown the ALJ erred when evaluating medical consultant Dr. Cox's opinion by only incorporating the narrative portion of Dr. Cox's report, rather than the limitations he included in the check-box portion of the functional capacity assessment. We agree with the district court's reasoning that

4

the ALJ did not err. According to the agency's guidance in the Program Operations Manual System ("POMS"), "[t]he purpose of [the checklist in] section I . . . is chiefly to have a worksheet to ensure that the [doctor] has considered each of these pertinent mental activities" and "[i]t is the narrative written by the [doctor] in section III . . . that adjudicators are to use as the assessment of RFC." POMS DI 25020.010(B)(1) (emphasis omitted). While the POMS "does not have the force of law, . . . it is persuasive authority." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006).

We reject Corthion's argument that this "reasoning does not apply in this case because Dr. Cox did not complete 'Section III' of this particular form that asked her to 'explain why those conclusions are not supported by the evidence in the file' and asked Dr. Cox to 'cite the source's name and the statement date.'" The language Corthion quotes is not included on the form she cites. Rather, the form asks the doctor to "[e]xplain your summary conclusions in narrative form," which Dr. Cox did. Although Dr. Cox could have provided a more detailed explanation, the ALJ did not err by following the POMS's guidance and incorporating the narrative portion of Dr. Cox's opinion into Corthion's RFC.[1] *See Warre*, 439 F.3d at 1005; POMS DI 25020.010(B)(1).

---

[1] We also reject Corthion's assertions that the ALJ erred by not explaining why he incorporated the similar opinions of the other consulting doctors, including Drs. Cox, Starace, and Santulli, into her RFC. As discussed regarding Dr. Geary's

5

**AFFIRMED.**

---

opinion, the ALJ was not required to give reasons for accepting, rather than rejecting, these doctors' opinions. *See Turner*, 613 F.3d at 1223.