NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL J. RATLIFF,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No. 23-35599

D.C. No. 3:22-cv-05358-TLF

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted October 25, 2024**
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Daniel J. Ratliff appeals the district court's order affirming the Commissioner

of the Social Security Administration's denial of his application for disability

insurance benefits under Title II of the Social Security Act. The administrative law

---

*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge ("ALJ") determined that Ratliff was not disabled between July 10, 2015, and May 23, 2019. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and must be more than a mere scintilla, but may be less than a preponderance . . . ." *Id.* (quoting *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015)). The ALJ is "responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). If "the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

1. Ratliff argues that the ALJ erred by improperly evaluating the medical evidence, but the ALJ's findings were supported by substantial evidence. The ALJ's findings regarding Ratliff's psychological limitations were supported by, among other evidence, Dr. Winifred Ju's finding that Ratliff maintained the ability to carry

2

out simple tasks and consistent reports by Ratliff's treating physicians that his memory and cognition appeared normal. The ALJ's findings regarding Ratliff's physical limitations were supported by reports that Ratliff had a normal gait and could stand or walk for hours at a time.

Ratliff argues that many clinical findings in the record support his alleged physical and mental limitations. Ratliff largely fails, however, to demonstrate how this evidence is inconsistent with the ALJ's findings. As Ratliff concedes, the record "does not include medical opinions from treating and examining physicians in which they clearly describe opinions regarding Ratliff's functional limitations." While Ratliff identifies portions of the record that describe his symptoms and the diagnoses he received, a diagnosis does not itself demonstrate "severe impairment." *See* 20 C.F.R. § 404.1520(c) (requiring an "impairment or combination of impairments" that is "severe"); *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) ("An impairment is severe if it 'significantly limits' an individual's 'ability to do basic work activities.'" (quoting 20 C.F.R. § 404.1520(c))). Because "the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt*, 53 F.4th at 494 (quoting *Vasquez*, 572 F.3d at 591).

2. Ratliff argues that the ALJ improperly discounted his subjective symptom testimony. An "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."

3

*Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Here, the ALJ provided specific reasons for finding that Ratliff's symptoms were not as severe as he reported. In particular, the ALJ noted that Ratliff was able to walk and stand, that Ratliff reported engaging in certain hobbies and chores, that Ratliff received "mostly routine and conservative mental health treatment," that his doctor had described Ratliff's self-reported "panic attacks" as expressions of moderate anxiety, and that Ratliff's providers consistently reported that his memory and cognition were normal. These justifications are sufficient to support the ALJ's findings. *See Smartt*, 53 F.4th at 496–97. Even if some evidence in the record suggested that Ratliff was unable to perform simple tasks, the ALJ was entitled to rely on the other medical evidence in the record indicating fewer limitations. *Id.* at 494.

3. Ratliff also argues that the ALJ improperly discounted his wife's lay witness testimony. Ratliff emphasizes that his wife's lay witness report was consistent with his own subjective testimony, and therefore should have bolstered that testimony. An ALJ may reject a lay witness's testimony for "germane reasons." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Here, because the ALJ "provided clear and convincing reasons for rejecting [Ratliff's] own subjective complaints, and because [his wife's] testimony was similar to such

4

complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony." *Id.*

4. Ratliff argues that the ALJ improperly rejected the Department of Veterans Affairs' ("VA") disability rating. "[T]he ALJ 'must ordinarily give great weight to a VA determination of disability.'" *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). "Nevertheless, because the VA and [Social Security Administration] criteria for determining disability are not identical, we have allowed an ALJ to give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Valentine*, 574 F.3d at 695 (cleaned up).

The ALJ expressly considered the rating and provided specific reasons for rejecting it. The ALJ noted that the VA psychologists who examined Ratliff merely "checked a box" indicating that he suffered from impairment, providing little specificity about the limitations he faced. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (allowing an ALJ to discount a "check-the-box form" unsupported by "clinical findings"). And the ALJ explained that the VA psychologists' evaluations were based on the subjective symptom testimony that the ALJ had already properly rejected. The ALJ therefore did not err in discounting the VA's disability rating. *See Valentine*, 574 F.3d at 695.

**AFFIRMED.**