FILED

JUL 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZABIAN R. CROSBY, | No. 11-16193 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01764-GSA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted May 7, 2012[**]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Zabian Crosby appeals pro se a judgment of the district court affirming the

Commissioner of Social Security's denial of his applications for disability

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's judgment upholding the denial of social security benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Crosby contends the ALJ improperly discredited his subjective statements concerning the intensity, persistence, and limiting effects of his impairments. An ALJ's credibility determination must be based on specific findings supported by substantial evidence and clear and convincing reasons. *Tommasetti*, 533 F.3d at 1039; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ found Crosby's subjective statements inconsistent with medical records showing many of his symptoms are controlled by conservative treatment, with his work history showing that his longstanding conditions did not preclude work in the past, with previous statements in which Crosby denied health problems that he now claims are disabling, with the minimal objective findings suggesting functional limitations, and with Crosby's unexplained failure to follow

recommended treatment that would alleviate his symptoms. These are proper factors for evaluating credibility, the findings are sufficiently specific to show that the ALJ's credibility determination was not arbitrary, and the reasoning is clear and convincing. We uphold the credibility determination.

Crosby contends the ALJ improperly discounted the opinions of treating physicians Steven Kator, M.D., and Roy Raroque, M.D. The ALJ discounted their opinions in favor of the opinions of examining physicians and reviewing medical and psychological experts. An ALJ can reject a treating physician's opinion in favor of conflicting medical opinions, if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ found Dr. Kator's opinion unsupported by objective clinical findings, inconsistent with his own treatment records, and premised significantly on Crosby's unreliable subjective statements. The ALJ found Dr. Raroque's opinion inconsistent with his own progress notes showing Crosby improved with treatment, with the findings of other treating sources, and with Crosby's activities which showed greater functional capacity than Dr. Raroque suggested. These findings provide a specific legitimate basis for the ALJ to discount Dr. Kator's and

Dr. Raroque's opinions in favor of other opinions which the ALJ found better supported by the evidence and more consistent with the record as a whole. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Crosby contends the ALJ failed to give sufficient weight to a rating decision by the Department of Veterans Affairs which found Crosby 20% disabled due to a meniscus tear in the knee. An ALJ must give careful consideration to VA findings, but may reject them for persuasive, valid, specific reasons that are supported by the record. *Valentine*, 574 F.3d at 695; *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ discounted the VA rating decision because it was based significantly on Crosby's subjective statements and did not address the criteria used by the Commissioner in determining disability. The ALJ gave greater weight to the opinions of examining physicians, which addressed the pertinent criteria, *viz.* Crosby's residual functional capacities in specific work-related activities. The ALJ did not disregard the VA rating decision; he gave it due consideration and discounted it for persuasive, valid, specific reasons that are supported by the record.

Crosby raised two issues for the first time on appeal. He contends for the first time that the ALJ failed to adequately consider whether his medical condition is equivalent to Listing 12.04 of the regulatory Listing of Impairments at 20 C.F.R.

Part 404, Subpart P, Appendix 1. He also challenges the vocational expert's testimony for the first time, based on her qualifications and her reliance on the Dictionary of Occupational Titles. The court will not consider issues raised for the first time on appeal, except to avoid manifest injustice. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *Meanal v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). There is no manifest injustice here.

We have reviewed Crosby's remaining contentions and determine that they lack merit.

**AFFIRMED.**