
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES BUCK, | No. 12-35032 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-03045-LRS |
| v. | MEMORANDUM** |
| CAROLYN W. COLVIN*, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted Thursday, May 9, 2013
Seattle, Washington

Before: THOMAS and NGUYEN, Circuit Judges, and DEARIE, Senior District Judge.***

---

\* Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor, Michael J. Astrue, Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\* The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Charles Buck appeals the district court's decision affirming the Commissioner's denial of Social Security benefits. Because the Commissioner's decision is not supported by substantial evidence, we reverse and remand to the district court with instructions to remand to the Administrative Law Judge (ALJ) for payment of benefits.

We review de novo a district court's decision affirming the Commissioner's denial of Social Security benefits. Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). The Commissioner's decision may only be overturned if it is based on legal error or is not supported by substantial evidence. Id. at 1158-59.

Despite considerable and consistent evidence of emotional deficits caused by Buck's bipolar and personality disorders, the ALJ concluded that Buck could return to a warehouse job that he held for no more than three months in 2005. The ALJ reached this decision without any input from a medical expert and without considering what the warehouse job entailed. Records from Buck's three therapists; his treating psychiatrist; a consultative psychiatrist; and his primary treating source, Nurse Practitioner Lisa Vickers, show that Buck received consistent diagnoses of bipolar disorder or major depressive disorder from 2006 to 2009. His three therapists assessed moderate to severe limitations on Buck's daily functioning. Moreover, Nurse Practitioner Vickers, who saw Buck at least fourteen times during this period, prescribed a growing roster of medications as she

sought an elusive combination of drugs to treat Buck's anxiety, insomnia, depression, and bipolar disorder. Instead of accounting for this contradictory record evidence, the ALJ ignored the opinions of Buck's therapists and Vickers, selectively citing to temporary improvements in Buck's functioning. Given the episodic nature of bipolar disorder, short-lived improvements in functioning are consistent with the diagnosis and cannot, by themselves, constitute substantial evidence to override treating source opinions that Buck was significantly impaired. See Taylor v. Comm'r of Soc. Sec., 659 F.3d 1228, 1234 (9th Cir. 2011) (concluding that the ALJ erred in "hold[ing] against [claimant] two instances where he was able to function, even though his alleged disability involves attacks of muscle weakness . . . that come and go"); see also Agyeman v. I.N.S., 296 F.3d 871, 881 (9th Cir. 2002) ("Bipolar disorder is a severe psychiatric illness marked by episodes of mania and depression, impairment of functioning—both cognitive and behavioral, and is frequently complicated by psychotic symptoms (e.g. delusions, hallucinations, and disorganized thinking).") (emphasis added).

"We may direct an award of benefits if the record has been fully developed and further administrative proceedings would serve no useful purpose." McCartney v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). Because the ALJ failed to provide legally sufficient reasons for rejecting Buck's evidence, there are no outstanding issues that require resolution, and the record makes clear that Buck

is disabled and entitled to benefits, <u>see</u> <u>id.</u> at 1076-77, we instruct the district court to remand this matter to the ALJ for payment of benefits.

**REVERSED AND REMANDED.**