**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE KELLBERG, | No. 12-35765 |
| Plaintiff - Appellant, | D.C. No. 9:12 cv-0018 JCL |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted October 10, 2013
Seattle, Washington

Before:    TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Wayne Kellberg appeals the district court's judgment affirming the denial of

Kellberg's application for supplemental security income ("SSI") under Title XVI

of the Social Security Act. The administrative law judge ("ALJ") found, applying

the five-step sequential evaluation process, 20 C.F.R. § 404.1520(a)–(g), that

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Kellberg was not disabled within the meaning of the Act, 42 U.S.C. § 1382c(a)(3), because he retained the ability to perform a limited range of light work. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1.	Before Kellberg filed his SSI application, Dr. John Harrison evaluated Kellberg and diagnosed him with a personality disorder and other mental impairments including chronic pain syndrome, attention deficit hyperactivity disorder, alcoholism, and a maladjusted personality profile. These diagnoses were not contradicted by any other doctor. An ALJ may reject the uncontradicted opinion of an examining physician only for clear and convincing reasons. *Hill v. Astrue*, 698 F.3d 1153, 1159–60 (9th Cir. 2012). Likewise, an ALJ must consider all the evidence of a claimant's impairments when making a disability determination. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 416.920(a)(3). The ALJ did not provide clear and convincing reasons for rejecting Dr. Harrison's diagnoses. Nor did the ALJ mention Dr. Harrison's uncontradicted diagnoses of Kellberg's other mental impairments at any step in the sequential evaluation process. The ALJ had a duty to develop the record fully and fairly to determine whether and to what extent Kellberg's functioning was impaired. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Having failed to develop the record to determine whether Kellberg's mental impairments were ongoing, the ALJ could not then reject Dr.

Harrison's uncontradicted diagnoses as unsupported by the record during the relevant time period. To do so constituted reversible error. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054–56 (9th Cir. 2006).

2. We conclude, contrary to Kellberg's contention, that he is not entitled to an immediate award of disability benefits. Because there are "outstanding issues that must be resolved before a determination of disability can be made" and because it is not "clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence," a remand for the award of benefits would be premature. *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002).

We therefore reverse the judgment of the district court and remand with instructions to further remand the case to the agency for proceedings consistent with this disposition.

**REVERSED and REMANDED.**