NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD ALAN CASSEL, Jr., | No. 16-35851 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05198-BAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted December 13, 2017**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Gerald Cassel appeals the district court's decision affirming the

Commissioner of Social Security's denial of Cassel's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

The Administrative Law Judge (ALJ) provided clear and convincing reasons to discredit Cassel's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ properly discredited Cassel's testimony based on inconsistencies between the objective medical evidence in the record examined in its entirety and the alleged severity and frequency of his symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); *Garrison v. Colvin*, 759 F.3d 995, 1017-18 (9th Cir. 2014) (requiring the ALJ to consider the whole medical record and not just isolated signs of improvement). Assuming that Social Security Ruling 16-3p applies retroactively, the ALJ properly evaluated the consistency of Cassel's symptom testimony with other evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (concluding that SSR 16-3p is consistent with existing 9th Circuit precedent on evaluating claimant testimony).

Second, the ALJ properly discredited Cassel's testimony based on inconsistencies between Cassel's activities and the alleged severity of his functional limitations. *See Molina*, 674 F.3d at 1113.

Third, the ALJ found that the "claimant tends to overstate his difficulties" and is "not an entirely credible source...." To support these findings the ALJ noted, inter alia, that

16-35851

The claimant alleged that a medication prescribed by the VA in 2008 had caused him to act erratically and crash an automobile. This claim was investigated by a VA physician which reviewed the VA records. She found that there was no prescription in the VA records to support the claimant's allegation. She also found that the claimant was intoxicated under the effects of alcohol at the time of the motor vehicle accident.

The claimant also alleged that he suffered from physical deformity after the car accident. As discussed above, the claimant's alleged physical deformities appear to be largely exaggerated. In a VA examination of the claimant's back on January 15, 2014, the claimant demonstrated a good range of motion and no objective evidence of a painful range of motion was observed. X-ray imaging showed mild to moderate degenerative changes in the lumbar spine. His thoracic spine was normal. Although the claimant complained of a back impairment for VA disability benefits, he made minimal complaints to treatment providers regarding his back, undermining his credibility. On examination the claimant also had normal strength in his lower extremities. The claimant denied using any assistive devices.

Because the ALJ provided clear and convincing reasons to discredit Cassel's testimony, any error in relying on additional reasons was harmless. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

The ALJ properly rejected Dr. Krueger's opinion regarding marked limitations in social interactions and maintaining a schedule based on inconsistencies with Cassel's activities. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (explaining that inconsistency with claimant's activities is a

16-35851

valid reason for an ALJ to reject a medical opinion). Because Dr. Krueger relied on a psychological evaluation and mental status examination, the ALJ erred in rejecting Dr. Krueger's opinion as based on Cassel's self-reports. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199 (9th Cir. 2008) (concluding that the ALJ erred in rejecting a psychiatric evaluation based on the claimant's unreliable self-reports when the doctor relied more heavily on their own clinical assessment and did not find the claimant's description of their symptoms to be unreliable). Any error in rejecting Dr. Krueger's opinion based on its reliance on Cassel's self-reports was harmless because the ALJ properly rejected Dr. Krueger's opinion based on its inconsistency with Cassel's activities. *See Molina*, 674 F.3d at 1115.

The ALJ properly gave persuasive, specific, and valid reasons supported by the record to give only partial weight to the July 2014 disability rating by the Veterans Administration (VA). *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (explaining that the ALJ must give persuasive, specific, and valid reasons to give less than great weight to a VA disability rating). First, the ALJ properly rejected the VA rating based on inconsistency with other medical records that did not support a finding of 100% disability. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010). Second, the ALJ properly rejected the VA rating based on inconsistency with Cassel's activities. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009). Third, the ALJ properly rejected the

VA rating to the extent that it relied on Cassel's unreliable subjective reports. *See Valentine*, 574 F.3d at 695 (concluding that the ALJ properly rejected a VA disability rating to the extent that it relied on evidence that the ALJ validly rejected).

**AFFIRMED.**