**NOT FOR PUBLICATION**

**FILED**

MAY 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK LARRY REBENSDORF, | No.    18-35305 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01619-SB |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 13, 2019**
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

Frederick Rebensdorf appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We review the district court's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order de novo and reverse only if the Administrative Law Judge's ("ALJ") "decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "[W]e may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. We affirm.

First, the ALJ did not err in discounting Rebensdorf's testimony regarding the severity of his impairments. Testimony from multiple sources indicated that Rebensdorf's pain symptoms were inconsistent with objective findings and that Rebensdorf exaggerated his pain. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) *as amended on reh'g* (Sept. 17, 1997) (explaining that an ALJ can take into consideration "testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the claimant] complains"). These were specific, clear, and convincing reasons for finding Rebensdorf's testimony only partially credible. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599–600 (9th Cir. 1999). "When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." *Batson*, 359 F.3d at 1196.

Second, the ALJ did not err in discounting the contradicted medical opinion evidence of Rebensdorf's examining physician, Dr. Ogisu, and treating physician,

Dr. Gillingham.  The ALJ provided specific and legitimate reasons for assigning Dr. Ogisu's contradicted opinion "little weight."  *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) *as amended* (April 9, 1996).  As Dr. Ogisu himself noted, his findings pertained to Rebensdorf's present, rather than long term, impairment, as an injury had exacerbated his condition, but was expected to improve in one to two weeks, far less than the requisite "continuous period of not less than 12 months."  *See* 42 U.S.C. § 1382c(a)(3)(A).  The ALJ was not required to recontact Dr. Ogisu because the medical record was sufficient to make a disability determination.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The ALJ similarly provided the following specific and legitimate reasons for discounting treating physician Dr. Gillingham's opinion: 1) he is a family practitioner and his opinion did not square with Dr. Brahms's, who is an orthopedic specialist; 2) his opinion was inconsistent with imaging reports and examination results and was unsupported by any EMG results; and 3) his opinion did not properly account for Rebensdorf's inconsistencies and exaggerations.  *See Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).

Third, for many of the same reasons, the ALJ did not commit reversible error in discounting the testimony of lay witness Marcella Kroger, Rebensdorf's wife, regarding Rebensdorf's limitations and capabilities.  Kroger's testimony as to

Rebensdorf's pain symptoms was inconsistent with the medical evidence, including imaging reports and examination results that, as interpreted by Dr. Brahms, showed only mild impairment. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Although Kroger's interest in the case, as a family member, was not a germane reason to discount her testimony, the ALJ's error as to this additional reason was harmless. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Fourth, the ALJ did not err in assigning the Veterans Administration's ("VA") 100% disability rating "little weight." "[A]n ALJ must ordinarily give great weight to a VA determination of disability," but an "ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

The ALJ found that the VA's determination was (1) incomplete, because the VA's determination did not reflect imaging of the claimant's head or spine; (2) inconsistent with examination results showing no motor deficits; and (3) inconsistent with the claimant's only routine and conservative mental health treatment as well as notes indicating the claimant's mental health symptoms were at least somewhat controlled with medication. These reasons undermine the VA's disability rating. *See Valentine*, 574 F.3d at 695.

4

Finally, the ALJ did not err in relying on the testimony of a vocational expert ("VE") at step five of the sequential analysis. The ALJ properly asked the VE a hypothetical that captured those functional limitations that the ALJ found supported by substantial evidence. *See Roberts v. Shalala,* 66 F.3d 179, 184 (9th Cir. 1995). We reject Rebensdorf's argument that the ALJ failed to reconcile a conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony, because, contrary to Rebensdorf's argument, not all jobs classified as "light work" require six hours of standing or walking per day. SSR 00–4P, 2000 WL 1898704, at *3 ("The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A [vocational expert] . . . may be able to provide more specific information about jobs or occupations than the DOT."). The VE thus permissibly reduced the number of jobs available to an individual with the limitations outlined in the ALJ's hypothetical, and the ALJ did not err in relying on those reduced numbers. Further, for the reasons outlined above, the ALJ did not err in omitting additional limitations. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174–76 (9th Cir. 2008).

**AFFIRMED.**