NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 8 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BETHANY VARDAMAN, | No. 18-35602 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00303-CWD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted June 7, 2019**
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and GAITAN,*** District Judge.

Bethany Vardaman appeals the district court's judgment affirming the denial

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument.

\*\*\*      The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

of her application for disability insurance benefits under the Social Security Act. We reverse with instructions to remand to the agency.

1. In February 2012, the Veteran's Administration ("VA") found Vardaman 80% disabled. The ALJ gave the VA's disability rating little weight because the VA uses a formulaic approach to disability determinations rather than the functional approach used by the Social Security Administration. Additionally, the ALJ found that the VA rating was not consistent with the medical evidence before Vardaman's date last insured.

2. We have stressed that "the ALJ must consider the VA's finding in reaching his decision and the ALJ must ordinarily give great weight to a VA determination of disability." *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (internal quotation marks omitted) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). "Simply mentioning the existence of a VA rating in the ALJ's decision is not enough." *Luther v. Berryhill*, 891 F.3d 872, 877 (9th Cir. 2018). And, an ALJ may only "give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (quoting *McCartey*, 298 F.3d at 1076).

3. Instead of providing any persuasive, specific, or valid reasons for discounting the VA's rating, the ALJ perfunctorily concluded that the rating was

2

based on a different approach than Social Security determinations and inconsistent with some medical evidence.[1] These are not the "persuasive, specific, valid reasons" demanded by our case law, nor do they meaningfully allow for judicial review. *See Valentine*, 574 F.3d at 695 ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that the VA and SSA disability inquiries are different, her analysis fell afoul of *McCartey*."). Much more specific reasoning was necessary, especially considering that many of the records which the VA reviewed in assessing Vardaman's 80% disability rating covered the period of time before Vardaman's date last insured.

4. Because we cannot conclude that the ALJ's errors were "inconsequential to the ultimate nondisability determination," *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted), we cannot find that the ALJ's error was harmless.

---

[1] The entirety of the ALJ's analysis reads:

> The claimant received a VA disability rating effective as of June 2010, of 80% disabled (70% for posttraumatic stress disorder, 10% tinnitus, 20% chronic cystitis, 10% ovary disease). I give little weight to this opinion because the Veteran's Administration has a formulaic approach to disability determinations rather than a functional approach, like the Social Security Administration uses. A VA determination is based on its own rules, and is not binding on the Social Security Administration. The VA rating is not consistent with the evidence before the claimant's date last insured showing the claimant was high functioning and doing quite well.

**REVERSED and REMANDED with instructions**.