**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN L. MEADOWS, | No. 18-35200 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05223-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted March 30, 2020[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Alan Meadows appeals the district court's order affirming the Commissioner

of Social Security's denial of disability benefits. We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"We review the district court's decision sustaining the [Administrative Law Judge's ("ALJ")] denial of social security benefits de novo and can reverse only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). Additionally, we "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

1.      Substantial evidence supports the ALJ's evaluation of the medical evidence. First, the ALJ offered "specific and legitimate reasons" for discounting Dr. Weston's opinion, finding it was a conclusory opinion rather than an evaluation of Meadow's functioning. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Dr. Weston concluded that Meadows was not stable enough to work rather than assessing Meadows's functioning.

Second, the ALJ did not err in discounting Dr. Warner's opinion that Meadows lived in a very sheltered and protective environment, because the opinion was contrary to the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ did a thorough analysis of the record and highlighted the inconsistencies between Dr. Warner's opinion and the medical record. For example,

2

the ALJ noted that Meadows complained of doing his homework, because he was a "busy man." The ALJ also noted that Meadows reported that he would not be able to attend some of his treatment sessions, because he would be traveling during the summer.

Third, as Meadows argues, the ALJ cited an erroneous reason for discounting Dr. Spiro's opinion regarding the dexterity of Meadows's left hand. However, Dr. Spiro's other findings were inconsistent with his finding that Meadows lost dexterity in his left hand. For example, Dr. Spiro found Meadows had normal muscle strength in "all muscles of the left upper and lower extremities with exception of the EHL muscle." Thus, any error was harmless in light of Dr. Spiro's opinion as a whole. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Fourth, the ALJ gave "specific and legitimate reasons that are supported by substantial evidence" for discounting Ms. Oliver's opinion. *Carmickle*, 533 F.3d at 1164 (quoting *Lester*, 81 F.3d at 830–31). The ALJ validly discounted Ms. Oliver's opinion regarding Meadows's foot impairment, because it was based on Meadows's subjective complaints, which were not reflected in the treatment record. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (holding that if a physician's opinion "[is] based 'to a large extent' on an applicant's self-reports and

not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount" the opinion) (quoting *Tommasetti*, 533 F.3d at 1041). The ALJ also validly discounted Ms. Oliver's opinion regarding Meadows's neck condition, because it was inconsistent with the normal head and neck mobility findings made by other treating physicians. *See Tommasetti*, 533 F.3d at 1041 (reasoning that an ALJ can consider inconsistency with the medical record in rejecting an opinion).

Fifth, the ALJ did not err in discounting the Department of Veterans Affairs's ("VA") disability determination, because the ALJ gave "persuasive, specific, [and] valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Specifically: (a) the ALJ found Meadows was able to engage in "substantial gainful activity, working 18-hour days in a highly skilled occupation" while claiming the same symptoms he now claims; (b) the ALJ found insufficient evidence of a change in Meadows's functioning or "intervening injuries or observable exacerbations"; and (c) the ALJ gave little weight to the VA's housebound finding, because the record clearly indicates that Meadows is able to leave his home.

Sixth, although the non-examining state agency physicians did not review any evidence beyond August 2014, the ALJ did not err in giving great weight to the physicians' opinions. There is always some time lapse between a consultant's

4

report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time. At the time they issued their opinions, the non-examining experts had considered all the evidence before them, satisfying the requirements set forth in 20 C.F.R. § 404.1527(c)(3).

Additionally, the ALJ did not err in failing to include the findings of Dr. Kraft and Dr. Clifford in the residual functional capacity ("RFC"), because the RFC is consistent with the limitations opined by both doctors.

2. The ALJ did not err in discounting Meadows's testimony, because the ALJ offered "specific, clear, and convincing reasons" supported by substantial evidence for discounting Meadows's testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). The ALJ determined: (a) Meadows's most recent job as a security contractor in Afghanistan ended because the contract expired, not because he could no longer perform the job; (b) Meadows applied for benefits before working in Afghanistan for a year, and reapplied upon his return without any evidence that his condition worsened during or after his time in Afghanistan; (c) Meadows's allegations were inconsistent with the medical record as a whole; (d) Meadows engaged in activities inconsistent with his alleged limitations; and (e) Meadows's allegations were

inconsistent with his statements about his activities, lack of success with treatment, use of a cane, and his use of alcohol.

3.      The ALJ provided germane reasons supported by substantial evidence to reject Ms. Meadows's lay-witness testimony. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015). Specifically, the ALJ found that Ms. Meadows's statements: (a) were contradicted by Meadows's ability to work in Afghanistan in 2012-2013; (b) were inconsistent with the medical record and Meadows's activities; and (c) were very similar to Meadows's testimony and should be discounted for the same reasons his testimony was discounted.[1]

4.      The ALJ's RFC and step-five findings are supported by substantial evidence, because the ALJ reasonably weighed the record evidence and reasonably accounted for all of Meadows's limitations. Meadows's arguments to the contrary are simply derivative of his preceding arguments addressed and rejected above.

---

[1] Meadows argues that the similarity of Ms. Meadows's statements to his own is not a germane reason to reject her testimony. However, precedent is clear that an ALJ can reject lay-witness testimony if it is similar to the claimant's own subjective complaints and the ALJ already discounted the claimant's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ gave germane reasons for rejecting her testimony.").

Thus, Meadows's arguments fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**