**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTOR DAVENPORT,

        Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant-Appellee.

No.   23-35146

D.C. No. 2:20-cv-00289-MKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted June 7, 2024[**]
Portland, Oregon

Before: GRABER, RAWLINSON, and SUNG, Circuit Judges.

Claimant Victor Davenport appeals from the district court's decision

affirming the Commissioner of Social Security's denial of his application for

disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the district court's order de novo and reverse only if the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1. Davenport argues that the ALJ erroneously discounted the opinion of his treating physician, Dr. Joseph Cwik. An ALJ must assess the persuasiveness of the relevant medical opinions and explain how he considered the supportability and consistency factors. 20 C.F.R. § 404.1520c(a)–(c) (effective March 27, 2017). Here, the ALJ found unpersuasive Dr. Cwik's opinion that Davenport needed to elevate his legs, would be off-task, or that he would miss work as a result of his impairments, because those findings had no support in the medical record and were inconsistent with Davenport's own testimony and the medical opinion of other professionals. The ALJ properly explained his analysis, and his conclusions are supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (stating standard).

2. Davenport argues that the ALJ erred by not giving great weight to the Department of Veterans Affairs' ("VA") determination of disability. He relies on *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), but that argument is foreclosed. *See Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (clarifying that *McCartey* is no longer good law for claims filed after March 27, 2017 because the new "regulations provide that 'decisions by other governmental agencies,'

2

including the VA, are 'inherently neither valuable or persuasive' and thus an ALJ is not required to include any analysis about 'a decision made by any other governmental agency'" (citations omitted)).

3. Davenport argues that the ALJ erred at step three by failing to analyze adequately the evidence in reaching his decision. In particular, Davenport contends that severe obstructive sleep apnea should be considered under the respiratory disorders Listings and that the ALJ erred by not calling a medical expert at the hearing to determine whether he meets or medically equals any Listing. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Davenport did not establish that his "'symptoms, signs and laboratory findings' . . . [met] each characteristic of a listed impairment relevant to his . . . claim," in particular those identified under 3.02C3 and 3.04F. *Tackett, v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  Nor did he establish that "symptoms, signs and laboratory findings [were] 'at least equal in severity and duration' to the characteristics of" chronic respiratory disorders under either Listing. *Id.* (quoting 20 C.F.R. § 404.1526(a)). The ALJ did not have a duty to develop the record further because the record in this case is not ambiguous and there was adequate evidence for the ALJ to determine that Davenport's claim did not meet or medically equal Listings under

3

3.00 for respiratory disorders.

4. Davenport also argues that the ALJ erred by discounting his symptom testimony. Under the circumstances, the ALJ was required to give "specific, clear and convincing reasons" for discounting Davenport's testimony about the severity of his symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). The ALJ met that standard: the ALJ explained that Davenport's self-reported symptoms were inconsistent with his testimony and presentation to providers. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ described how Davenport's "volunteer activities during much of the adjudication period" were not consistent with his allegations of disabling limitations. The ALJ also noted that Davenport denied chest pain and unusual dyspnea or fatigue and remained active by walking up to three miles, six days a week.

5. Davenport argues that the ALJ erred at step four and five by relying on the vocational expert's response to an incomplete hypothetical question. "But, an ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Kitchen*, 82 F.4th at 742 (citation and internal quotation marks omitted). Davenport's argument rests on the premise that the ALJ

erred in considering the medical opinion evidence and his symptom testimony. For the reasons stated above, we conclude that the ALJ did not err.

**AFFIRMED.**